CV-09 1913

ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PERRIM ANDERSON,

    Plaintiff,

        -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY
SHERIFF'S OFFICE, SUFFOLK COUNTY
CORRECTIONAL FACILITY, and
CORRECTION OFFICERS "JOHN AND JANE
DOES 1-10," in their individual and official
capacities,

    Defendants.

Docket No.:

SEYBERT, J.

COMPLAINT

ORENSTEIN, M.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAY 06 2009   ★

LONG ISLAND OFFICE

(S V)

    Plaintiff, by and through his attorneys, The Law Offices of Frederick K. Brewington, as and

for his Complaint against the Defendants, respectfully sets forth:

## INTRODUCTION

1.      This is an action for money damages against COUNTY OF SUFFOLK, SUFFOLK

COUNTY SHERIFF'S OFFICE, SUFFOLK COUNTY CORRECTIONAL FACILITY, and

CORRECTION OFFICERS "JOHN AND JANE DOES 1-10," in their individual and official

capacities, representing as yet unknown and unidentified members of the Suffolk County

Correctional Facility, for committing acts under color of the law, depriving Plaintiff or rights secured

by the Constitution and laws of the United States and State of New York, as well as, Discriminatory

Harassment, Assault, Battery, Intentional Infliction of Emotional Distress, Unnecessary Use of

Force, Negligent Supervision, Failure to Properly Train, and Negligence, all in violation of 42 U.S.C.

§§ 1981, 1983, 1985, 1986, and related State laws as stated herein.

2.      Upon information and belief, Defendant CORRECTION OFFICERS discriminatorily

harassed, assaulted, negligently assaulted, battered, used excessive and unnecessary force, and negligently, intentionally, and without cause beat PERRIM ANDERSON, causing physical harm and extreme pain and suffering, in violation of PLAINTIFF'S Constitutional and Civil Rights.

3.     Upon information and belief, Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY SHERIFF'S OFFICE, SUFFOLK COUNTY CORRECTIONAL FACILITY, and CORRECTION OFFICERS "JOHN AND JANE DOES 1-10," in their individual and official capacities, representing as yet unknown and unidentified members of the Suffolk County Correctional Facility, failed to properly administrate, investigate, supervise and discipline the actions of Defendant CORRECTION OFFICERS before, during, and after the battery of Plaintiff PERRIM ANDERSON.

4.     Upon information and belief, COUNTY OF SUFFOLK, SUFFOLK COUNTY SHERIFF'S OFFICE, and SUFFOLK COUNTY CORRECTIONAL FACILITY were negligent in training, hiring, and supervising Defendant CORRECTION OFFICERS, thus leading to the unjustified excessive force, battery, assault, false.

5.     Upon information and belief, Defendant CORRECTION OFFICERS, without probable cause, justification or any reason, except an intent to deprive Plaintiff of his rights, and the CORRECTION OFFICERS' knowledge that their wrongful conduct had the tacit authorization of the COUNTY OF SUFFOLK, SUFFOLK COUNTY SHERIFF'S OFFICE and SUFFOLK COUNTY CORRECTIONAL FACILITY, upon accosting PERRIM ANDERSON, who was without provocation, reason, probable cause or threat to his own safety or the safety of others, proceeded to use unnecessary force, and negligently, purposefully, intentionally, and maliciously beat PERRIM ANDERSON about his body, causing multiple wounds, without care or action to their

acts leading to serious physical injuries, and extreme pain and suffering.

6.      Upon information and belief, COUNTY OF SUFFOLK, SUFFOLK COUNTY SHERIFF'S OFFICE, AND SUFFOLK COUNTY CORRECTIONAL FACILITY are liable for the violation of rights, discriminatory harassment, assault, battery, excessive force, beating, and improper restraint because the COUNTY OF SUFFOLK, SUFFOLK COUNTY SHERIFF'S OFFICE, AND SUFFOLK COUNTY CORRECTIONAL FACILITY have ignored, condoned, and permitted a pattern of excessive force and abuse of process, and have failed to discipline the CORRECTION OFFICERS involved in such incidents, and failed to investigate, with the result that officers of COUNTY OF SUFFOLK , SUFFOLK COUNTY SHERIFF'S OFFICE, and SUFFOLK COUNTY CORRECTIONAL FACILITY are encouraged to believe that they can violate the rights of persons such as the Plaintiff PERRIM ANDERSON with impunity, and that the COUNTY OF SUFFOLK, SUFFOLK COUNTY SHERIFF'S OFFICE, SUFFOLK COUNTY CORRECTIONAL FACILITY, and CORRECTION OFFICERS have acted and continue to act in violation of individual rights constituting, their actions, policy.

JURISDICTION AND VENUE

7.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 (3) and (4) and the aforementioned statutory and constitutional provisions. Plaintiff further invokes pendent jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide any and all claims arising under State law.

8.      Prior hereto and within the proper time allotted, Plaintiffs filed a Notice of Claim in compliance with General Municipal law § 50 et. seq. and CPLR 215 as against each municipal

Defendant. More than 30 days have elapsed and Defendants have failed and refused to pay or adjust same.

9.      Venue for this action is the Eastern District of New York based on where the actions complained of herein occurred.

PARTIES

10.     During all times mentioned in this Complaint, Plaintiff PERRIM ANDERSON (hereinafter "PLAINTIFF" or "MR. ANDERSON") is a citizen and African-American man, born on October 4, 1974, currently residing in the County of Queens but having resided in the County of Suffolk at the time of the incident herein.

11.     During all times mentioned in this Complaint, Defendant COUNTY OF SUFFOLK (hereinafter the "COUNTY") is a duly constituted municipal corporation of the State of New York, and is/was the employer of the named sheriff's department, correctional facility, and correction officers.

12.     During all times mentioned in this Complaint, Defendant SUFFOLK COUNTY SHERIFF'S OFFICE (hereinafter the "SHERIFF'S OFFICE") is an agency and/or entity of the COUNTY.

13.     During all times mentioned in this Complaint, Defendant SUFFOLK COUNTY CORRECTIONAL FACILITY (hereinafter the "CORRECTIONAL FACILITY") is an agency and/or entity of the COUNTY.

14.     During all times mentioned in this Complaint, upon information and belief, Defendant CORRECTION OFFICERS "JOHN AND JANE DOES 1-10" are citizens of the COUNTY and State of New York, and employees of the named Defendants, the COUNTY, SHERIFF'S

DEPARTMENT, and/or CORRECTIONAL FACILITY.

15.     During all times mentioned in this Complaint, Defendant CORRECTION OFFICERS were state actors acting in their official capacities and were employed by the COUNTY acting under the direction of the COUNTY, SHERIFF'S DEPARTMENT, and CORRECTIONAL FACILITY.

16.     During all times mentioned in this Complaint, Defendants, each of them, were acting under color of law, to wit, under color of Constitution, statutes, ordinances, laws, rules, regulations, policies, customs, and usages of the State of New York and/or County of Suffolk.

17.     During all times mentioned in this Complaint, Defendants, each of them, separately and in concert, engaged in acts and omissions which constituted deprivation of the constitutional rights, privileges and immunities of the Plaintiff, and while these acts were carried out under color of law, the Defendants had no justification or excuse in law; the acts were instead gratuitous, illegal, improper and unrelated to any activity in which correction officers  may appropriately and legally engage in the course of protecting persons, inmates, prisoners, property, or ensure civil order.

18.     During all times mentioned in this Complaint, Defendants had the power and the duty to restrain the other Defendants and prevent them from violating the law and the rights of the Plaintiffs; each of the Defendants failed and refused to perform that duty and failed and refused restraint the other Defendants, thereby becoming a party and acting in concert to harm and bring about the injuries inflicted upon  the Plaintiff.

19.     During all times mentioned in this Complaint, Defendants had the power and  the duty to conduct a full and fair investigation of the CORRECTION OFFICERS.  The Defendants  failed to timely and  sufficiently investigate the actions of the CORRECTION OFFICERS as stated herein.

## STATEMENT OF FACTS

20.     On May 28, 2008, Perrim Anderson was arrested on an outstanding warrant, Docket No. 2006NA011759, and transported to Suffolk County Third Precinct for processing. Mr. Anderson was detained overnight at the Third Precinct.

21.     On May 29, 2009, Mr. Anderson was transported from the Third Precinct to Suffolk County District Court, located at 400 Carleton Avenue, Central Islip, New York, for an appearance on the outstanding warrant.

22.     When Mr. Anderson was being processed and searched, he politely asked a white male Officer, "John Doe 1," who conducted the search, if he, Mr. Anderson, could put his socks on before having to walk into the cell.

23.     "John Doe 1" responded, "No, you know the procedure. You've been here before."

24.     Mr. Anderson politely said in turn, "No, actually I have never been here, Sir." "John Doe 1" snapped back, upon information and belief, "You must don't know where you are at. Don't be the one."

25.     Mr. Anderson then went into the cell and sat on the cot waiting patiently for his appearance.

26.     Less than ten (10) minutes later, "John Doe 1" entered the cell where Mr. Anderson waited and continued to taunt Mr. Anderson by repeatedly jeering, "Don't be the one, do you understand?" Mr. Anderson attempted to say that he understood, but the officer interrupted time and again saying, "yes or no, yes or no?"

27.     At no time did Mr. Anderson display a threatening manner or suggest that would not comply with the officers' requests.

28.     Despite Mr. Anderson's obliging behavior, "John Doe 1," along with approximately seven other officers pounced onto Mr. Anderson and hauled him into a cell across the corridor. "John Doe 1" in furtherance of his motive to harass and intimidate Mr. Anderson yelled, "Let's try this again! Yes or no?"

29.     Providing the same answer as earlier mentioned, Mr. Anderson said that he understood "John Doe 1." Without hesitation, "John Doe 1" ignored Mr. Anderson's response and punched Mr. Anderson directly in the face.

30.     The other officers grabbed Mr. Anderson in order to drag him out of the cell, and, while doing so, "John Doe 1" continued to beat Mr. Anderson on and about his head.

31.     Mr. Anderson never resisted nor attempted to cause injury or harm to any of the officers during the course of the event.

32.     However, the other officers lifted Mr. Anderson into the corridor and proceeded to slam his body onto the floor. While Mr. Anderson was lying on the floor with the officers surrounding him, a tall, white female officer said, "Look, he's not fighting back." Then she kicked Mr. Anderson in his lower back causing him instant and severe pain.

33.     "John Doe 1" dragged Mr. Anderson, who now had blood all over his face, into another cell.

34.     Mr. Anderson was left handcuffed for approximately thirty (30) minutes and then photographed and fingerprinted for a second time. Mr. Anderson was placed in a cell for the remainder of the day before his court appearance.

35.     Some time in the afternoon a lieutenant entered Mr. Anderson's cell and after looking at Mr. Anderson said, upon information and belief, "I'm going to leave it up to the deputy; it's his

call, whatever he wants to do." The lieutenant exited without another word.

36.     During Mr. Anderson's court appearance, he was never asked about what occurred at the cell. Subsequently, Mr. Anderson was released on his own recognizance.

37.     Mr. Anderson's criminal charge resulted in a violation and mere fine of one hundred and ninety ($190.00) dollars.

38.     Yet, Mr. Anderson was subjected to excessive and unnecessary force, verbal and physical intimidation, and battery and abuse, at the hands of the hands of the Correction Officers.

39.     The Suffolk County Sheriff's Department, Suffolk County Correctional Facility, and County of Suffolk failed to  properly administrate,  investigate and discipline said Defendant Officers, all of which constituted extreme and outrageous behavior, caused Mr. Anderson to suffer, and, continue to suffer extreme physical and emotional harm.

40.     As a result of the said acts, Mr. Anderson incurred psychological and physical problems. The same night he was released from court, Mr. Anderson was admitted to the Southside Hospital Emergency Department, located in Bay Shore, New York.  After being seen by an attending physician and radiologist, Mr. Anderson was diagnosed with a nasal bone fracture, various  facial contusions with hematomas, and thickening mucus in his sinuses,  all of which stemmed from the outrageous conduct of the Correction Officers. Mr. Anderson also complained of knee and back pain at the hospital.

41.     Soon thereafter, on or about June 24, 2008, Mr. Anderson sought the opinion of a chiropractor because Mr. Anderson was experiencing continued pain and limitation as a result of the injuries he suffered from the excessive and unnecessary force and battery administered entirely by the Defendant Officers.

42.     Mr. Anderson's diagnosis included, but was not limited to, internal derangement of knee; left knee derangement; nasal fracture;  lumbosacral radicular syndrome, which is a disorder with radiating pain in the leg; inflammation of nerves in his arm; and spasms of the cervical and lumbar spine.

43.     As a result of the excessive, unnecessary, and unlawful force used by Defendant Officers, all of which constituted extreme and outrageous conduct, Plaintiff suffered and continues to suffer severe and extreme physical and emotional harm.

AS AND FOR A FIRST COUNT
42 U.S.C. § 1983 - EXCESSIVE USE OF FORCE

44.     Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 43 of this Complaint with the same force and effect as though fully set forth herein.

45.     The vicious beating and other wrongful acts against PERRIM ANDERSON  by Defendants COUNTY OF SUFFOLK, SUFFOLK COUNTY SHERIFF'S OFFICE, SUFFOLK COUNTY CORRECTIONAL FACILITY, and CORRECTION OFFICERS "JOHN AND JANE DOES 1-10,"constituted unreasonable and excessive force by correction officers, as well as abuse of process. Such actions were negligent, reckless, careless, unreasonable and unauthorized, as Defendants had a duty not to subject Plaintiff to abuse, battery, and excessive force, but failed to prevent same and breached their duty. This punishment was in violation of the rights promised to Plaintiff under the 4th, 5th, and 14th Amendments to the United States Constitution.

46.     As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was seriously injured, was subjected to great fear, terror, personal humiliation and degradation, and

suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

47.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of TWO MILLION ($2,000,000.00) DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

## AS AND FOR A SECOND COUNT
42 U.S.C. 1983 - MUNICIPAL LIABILITY

48.     Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 47 of this Complaint with the same force and effect as though fully set forth herein.

49.     Municipalities have a duty to protect those held in custody, but prior to May 29, 2009 and since, the COUNTY has permitted and tolerated a pattern and practice of unjustified, unreasonable and illegal unreasonable and illegal uses of force and beatings against detainees, inmates, prisoners, and minorities, including but not limited to African American detainees, by officers of the COUNTY, CORRECTIONS FACILITY, and SHERIFF'S DEPARTMENT and other local police departments within the COUNTY. Such beatings and illegal use of force were improper, and the officers involved were not seriously prosecuted, disciplined, or subjected to restraint, and such incidents were in fact covered up with official claims that the beatings and use of force were justified and proper, thereby illustrating, suggesting, inferring, and implying municipal supervisors' acquiescence in the unconstitutional behavior of subordinate correction officers. As a result, correction officers within their jurisdiction were caused and encouraged to believe that civilian persons could be beaten or abused under circumstances not requiring the use of excessive force, and that such beatings would in fact be permitted by the COUNTY. Further, as a result of the violent

beatings and illegal use of force by Defendants, municipal liability is inferred. Such violent and illegal acts by Defendants imply an official policy encouraging and/or condoning the use of such force.

50.     In addition to permitting a pattern and practice of improper beatings and abuses of African Americans in Suffolk County, the COUNTY, SUFFOLK COUNTY SHERIFF'S OFFICE, SUFFOLK COUNTY CORRECTIONAL FACILITY, and CORRECTION OFFICERS "JOHN AND JANE DOES 1-10," have failed to maintain a proper system of investigation of all incidents of unjustified beatings, shootings, and excessive use of force by correction officers.

51.     The COUNTY has failed to respond to the continuing and urgent need to prevent, restrain, and discipline police officers who wrongfully, beat, use excessive force, and abuse detainees, inmates, prisoners, and African American civilians, and the COUNTY has failed to find that civilian complaints made against correction officers are founded or valid in anyway, therefore the COUNTY is liable under 42 U.S.C. § 1983 because the COUNTY has had actual and/or constructive knowledge of the patterns of abuse and excessive force against minorities by its correction officers, employees, and/or agents in violation of the United State Constitution, and because of the SUFFOLK COUNTY SHERIFF'S OFFICE, SUFFOLK COUNTY CORRECTIONAL FACILITY, and CORRECTION OFFICERS "JOHN AND JANE DOES 1-10s'" un-meaningful policy and custom for reviewing complaints of misconduct, the Defendant Officers relied upon that flawed policy to continue their patterns of physical abuse, excessive force, and discriminatory legal enforcement, all in violation of the Plaintiffs rights.

52.     The COUNTY, SUFFOLK COUNTY SHERIFF'S OFFICE, SUFFOLK COUNTY CORRECTIONAL FACILITY, and CORRECTION OFFICERS "JOHN AND JANE DOES 1-10,"

have maintained a system of review of unjustified beatings, and excessive use of force by police officers that has failed to identify the improper brutality by correction officers and failed to subject officers who beat and/or brutalized citizens to discipline, closer supervision, or restraint, to the extent that it has become the custom of the COUNTY to tolerate the improper beatings and other wrongful actions by correction officers.

53.     Further, the COUNTY, who maintain either supervisory and/or decision-making positions, permitted a practice of improper investigation, supervision, discipline and hiring of Defendant Officers. The actions of correction officers have evidenced a failure to train or supervise properly. Such failure by supervisors has amounted to gross negligence on the part of correction officers' superiors and the COUNTY. The COUNTY  also refused and failed to prosecute the Defendant officers thereby improperly and in violation of the Plaintiffs rights neglected, failed, and/or delayed in administering an investigation of the circumstances surrounding the instant matter and neglected, failed, and/or delayed in presenting the matter to the Grand Jury.

54.     Upon information and belief, specific systemic flaws in the COUNTY brutality review process include, but are not limited to, the following:

> a.     Preparing reports regarding investigations of beatings incidents as routine point-by-point justifications of correction officer actions, regardless of whether such actions are justified;
>
> b.     Correction officers investigating beatings systemically fail to credit testimony by non-officer witnesses, and uncritically rely on reports by correction officers involved in the incident;
>
> c.     Correction officers investigating beatings fail to include in their reports relevant factual information which would tend to contradict the statements of the police officers involved;
>
> d.     Supervisory correction officers at times issue public statements

exonerating correction officers for excessive use of force, improper beatings, and use of unnecessary and excessive force before the investigation of the incident by the corrections facility has been completed;

e.      Reports in brutality cases are not reviewed for accuracy by supervisory officers. Conclusions are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information.

55.     The foregoing acts, omissions, systemic flaws, policies and customs of the Defendants COUNTY, SUFFOLK COUNTY SHERIFF'S OFFICE, SUFFOLK COUNTY CORRECTIONAL FACILITY, and CORRECTION OFFICERS "JOHN AND JANE DOES 1-10," caused the Defendant Officers to believe that brutality and other improper actions would not be aggressively, honestly and properly investigated, with the foreseeable result that officers are most likely to use excessive force in situations where such force is neither necessary nor reasonable.

56.     As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies, practices and customs of the Defendants COUNTY, SUFFOLK COUNTY SHERIFF'S OFFICE, SUFFOLK COUNTY CORRECTIONAL FACILITY, and CORRECTION OFFICERS "JOHN AND JANE DOES 1-10," unjustifiably beat and brutalized Plaintiff, all in violation of his civil and constitutional rights, and Plaintiff was deprived of his freedom, was seriously injured, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

57.     Defendant COUNTY was reckless, careless, intentional, negligent, and/or deliberately indifferent in the training, hiring, administration and supervision of the police officers, including Defendant Officers, with respect to the use of force against detainees, inmates, prisoners, and

-13-

minority persons, the inquiry of minority persons, the bringing of charges against minority persons, and the recognition and preservation of the civil and constitutional rights of minority persons.

58.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of TWO MILLION ($2,000,000.00) DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

AS AND FOR A THIRD COUNT
42 U.S.C. § 1985

59.     Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 58 of this Complaint with the same force and effect as though fully set forth herein.

60.     Defendants COUNTY, SUFFOLK COUNTY SHERIFF'S OFFICE, SUFFOLK COUNTY CORRECTIONAL FACILITY, and CORRECTION OFFICERS "JOHN AND JANE DOES 1-10" conspired to deprive Plaintiff, an African American citizen, of his 4th, 5th, and 14th Amendment rights, and jointly caused such deprivation of rights by acting in concert to unlawfully beat and brutalize Plaintiff because of or on account of Plaintiff's race and/or color.

61.     Upon information and belief, the Defendants further deprived the Plaintiff of his due process rights; specifically, by conspiring to unlawfully beat and brutalize Plaintiff, a minority, without reason or justification, rule of law, and by further denying the Plaintiff his 5th Amendment rights via a conspiracy to cover the misconduct of said officers and officials and to prevent Plaintiff from being compensated for their unlawful conduct and unjustified beating causing the Plaintiff to suffer and continue to suffer severe physical and emotional harm.

62.     The actions by Defendants denied the Plaintiff his due process and equal protection under the law. All of these rights are guaranteed to the Plaintiffs' decedent under U.S.C. §§ 1983,

1985, and the 4th, 5th, and 14th Amendments to the United States Constitution.

63.     As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was seriously injured, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

64.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of TWO MILLION ($2,000,000.00) DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

### AS AND FOR A FOURTH COUNT
### 42 U.S.C. § 1986 - FAILURE TO INTERVENE

65.     Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 64 of this Complaint with the same force and effect as though fully set forth herein.

66.     The Defendants, COUNTY, SUFFOLK COUNTY SHERIFF'S OFFICE, SUFFOLK COUNTY CORRECTIONAL FACILITY, and CORRECTION OFFICERS "JOHN AND JANE DOES 1-10", acting under color of state law, both collectively and individually, have engaged in actions and abuses which have deprived Plaintiff, an African American citizen, of rights, privileges and immunities secured by the United States Constitution, including, but not limited to, rights secured by the 4th, 5th, 14th Amendments and other laws in violation of 42 U.S.C. §§ 1983 and 1985 because of or on account of Plaintiff's race and/or color.

67.     In derogation of their duty, Defendant Officers, having the power to do so, failed to prevent the commission of, or neglected or refused the same, the beating and physical abuse of

-15-

Plaintiff, and therefore are liable to the Plaintiff for all direct and proximate results of said acts.

68.     As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was seriously injured, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

69.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of TWO MILLION ($2,000,000.00) DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

### AS AND FOR A FIFTH COUNT
42 U.S.C. § 1981

70.     Plaintiff repeats and realleges each and every allegation contained in paragraph 1 though 69 of this Complaint with the same force and effect as though fully set forth herein.

71.     The Defendants, COUNTY, SUFFOLK COUNTY SHERIFF'S OFFICE, SUFFOLK COUNTY CORRECTIONAL FACILITY, and CORRECTION OFFICERS "JOHN AND JANE DOES 1-10," acting under color of state law, both collectively and individually, have engaged in actions and abuses which have deprived Plaintiff, an African American citizen, of rights, privileges and immunities secured by the United States Constitution, including, but not limited to, rights secured by the 4th, 5th, 14th Amendments and other laws in violation of 42 U.S.C. § 1981.

72.     In derogation of their duty, Defendant Officers, having the power to do so, failed to prevent the commission of, or neglected or refused the same, the beating and physical abuse of Plaintiff, and therefore are liable to the Plaintiff for all direct and proximate results of said acts.

-16-

73. Said actions by Defendants COUNTY, SUFFOLK COUNTY SHERIFF'S OFFICE, SUFFOLK COUNTY CORRECTIONAL FACILITY, and CORRECTION OFFICERS "JOHN AND JANE DOES 1-10"denied the Plaintiff of his Constitutional rights, including but not limited to due process and equal protection under the law. All of these rights are guaranteed to the Plaintiff under 42 U.S.C. § 1981. Said acts were motivated by race and color, and marked by the conduct of Defendants supporting the motivation.

74. As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was seriously injured, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

75. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of TWO MILLION ($2,000,000.00) DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

AS AND FOR A SIXTH COUNT
42 U.S.C. § 1983 - ALTERNATE LIABILITY OF THE COUNTY
AND SHERIFF'S OFFICE AND CORRECTIONAL FACILITY

76. Plaintiff repeats and realleges each and every allegation contained in paragraph 1 though 75 of this Complaint with the same force and effect as though fully set forth herein.

77. Defendants COUNTY, SHERIFF'S OFFICE, and CORRECTIONAL FACILITY lacked justifiable reason and rational basis, and thereby engaged in wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, causing Plaintiff deprived of his freedom, who was made to suffer physical injuries, great pain and suffering, and who was

-17-

subjected to great fear and terror and personal humiliation and degradation, and continued and continues to suffer physical pain, mental and emotional distress as a result of the aforesaid unlawful conduct of Defendants.

78.     Plaintiff acknowledges that respondeat superior is not now a basis for COUNTY, SHERIFF'S OFFICE, and CORRECTIONAL FACILITY 's liability under existing law. Plaintiff submits that there exists a good faith argument for the modification of that rule based on the dissenting opinion of Justice Breyer in Board of County Commissioners of Bryan County, Oklahoma v. Jill Brown, et al., [520 U.S. 397, 117 S.Ct. 1382 (1997)], and based upon the literature addressing the issue.

79.     As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was seriously injured, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

80.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of TWO MILLION ($2,000,000.00) DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

## AS AND FOR A SEVENTH COUNT
### NEGLIGENCE
### PENDENT JURISDICTION

81.     Plaintiff repeats and realleges each and every allegation contained in paragraph 1 though 80 of this Complaint with the same force and effect as though fully set forth herein.

82.     In the acts complained of herein, Defendant CORRECTION OFFICERS "JOHN

AND JANE DOES 1-10" acted negligently in that they had a duty to act reasonably and responsibly and not to act in a manner to beat, brutalize and physically harm Plaintiff. Defendant Officers had a duty not to beat, brutalize, or otherwise abuse Plaintiff. Defendant Officers had a duty to act as would prudent officers, by not taking actions which would unnecessarily physically harm Plaintiff and other persons similarly situated, and acting within the scope of their authority, and not using excessive force or otherwise violating the  Constitutional and civil rights of Plaintiff. Defendant Officers, in their actions, breached those duties.

83.    Further Defendants COUNTY, SHERIFF'S OFFICE, and CORRECTIONAL FACILITY , their agents, employees, and/or servants, violated the Plaintiff's rights secured under United States Constitution and 42 U.S.C. § 1983, and were careless, negligent and reckless in the care and treatment of Plaintiff by failing to hire, supervise, discipline, and investigate the Defendant Officers involved in the instant matter.  Defendants COUNTY, SHERIFF'S OFFICE, and CORRECTIONAL FACILITY knew or should have known of the Defendant Officers' propensities for the conduct which caused severe physical hard to Plaintiff, and owed but breached duties to the same.

84.    As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was seriously injured, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

85.    That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of TWO MILLION ($2,000,000.00) DOLLARS, as well as

punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

## AS AND FOR AN EIGHTH COUNT
### BATTERY
### PENDENT JURISDICTION

86.      Plaintiff repeats and realleges each and every allegation contained in paragraph 1 though 85 of this Complaint with the same force and effect as though fully set forth herein.

87.      COUNTY, SUFFOLK COUNTY SHERIFF'S OFFICE, SUFFOLK COUNTY CORRECTIONAL FACILITY, and CORRECTION OFFICERS "JOHN AND JANE DOES 1-10" having illegally and unlawfully beat, battered, abused, and brutalized Plaintiff violated the rights of the Plaintiff as well as the laws of the State of New York.

88.      Defendant Officers wrongfully, unlawfully and without privilege, consent, emergency, necessity, or justification, forced Plaintiff to endure beatings and physical abuse. Plaintiff at no time consented to such abuse or seizure of his person by Defendant Officers. Said actions were intentional and aimed at injuring and causing Plaintiff harm discomfort, pain and humiliation.

89.      Plaintiff was beat, brutalized, and physically abused against his will. Plaintiff committed no violation and/or act to justify or rationalize such illegal and unlawful conduct by the Defendant Officers.

90.      Defendant Officers did intentionally beat, brutalize, and abuse Plaintiff, placing him in fear of imminent danger and/or bodily harm, and subjected him to great pain and physical injury by virtue of Defendant Officers' conduct including, but not limited to, the unwarranted and unjustified excessive use of force on Plaintiff's body.

91.      As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was

-20-

seriously injured, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

92.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of TWO MILLION ($2,000,000.00) DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

WHEREFORE Plaintiffs demand judgment against Defendants:

a.     on the First Count in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

b.     on the Second Count in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

c.     on the Third Count in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

d.     on the Fourth Count in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

e.     on the Fifth Count in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

f.     on the Sixth Count in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

g.     on the Seventh Count in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

h.     on the Eighth Count in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

i.     Punitive damages in the amount of TEN MILLION ($10,000,000) DOLLARS.

j.     Award attorney's fees and costs of this action to the Plaintiffs pursuant to 42 U.S.C. § 1988;

l.     Declaratory Judgment that defendants wilfully violated plaintiffs' rights secured by federal and state law as alleged herein;

m.     Injunctive relief, requiring defendants to correct all past violations of federal and state law as alleged herein; to enjoin defendants from continuing to violate federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws;

n.      Award such other and further relief as this Court may deem appropriate.

## *A JURY TRIAL IS HEREBY DEMANDED*

Dated: May 6, 2009
        Hempstead, New York

                        Respectfully submitted,

                        THE LAW OFFICES OF
                        FREDERICK K. BREWINGTON

                        By: _____
                        FREDERICK K. BREWINGTON
                        *Attorneys for Plaintiffs*
                        50 Clinton Street, Suite 501
                        Hempstead, New York 11550

-22-